# EXHIBIT A

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement" or "Agreement") is entered into by and between Sally Cannon Dunlop, Adam Budd, and Lindsay Beiler, individually and on behalf of Settlement Class Members (as defined in Paragraph 39) (together "Plaintiffs"), and Bayhealth Medical Center, Inc. ("Defendant" or "Bayhealth") (collectively the "Parties"), in the action *Dunlop, et al. v. Bayhealth Medical Center, Inc.*, Case No. 1:24-cv-00946-GBW, pending in the U.S. District Court for the District of Delaware (the "Action").

## RECITALS

WHEREAS, Plaintiffs have filed a Complaint against Defendant in the District Court of Delaware relating to a Data Incident affecting Defendant which Defendant discovered on or around July 31, 2024, and asserted claims for negligence, negligence *per se*, breach of implied contract, invasion of privacy, unjust enrichment, breach of fiduciary duty and declaratory judgment;

WHEREAS, Plaintiff Sally Cannon Dunlop initiated this matter by filing a Class Action Complaint on August 14, 2024. An Amended Complaint was filed adding Plaintiff Adam Budd on August 28, 2024, and a Second Amended Complaint was filed adding Plaintiff Lindsay Beiler on November 27, 2024. Defendant filed a Motion to Dismiss Plaintiffs' Second Amended Complaint on December 11, 2024;

WHEREAS, on January 21, 2025, the Parties filed a Motion to Stay Proceedings Pending Mediation or, in the Alternative, for an Extension of Time to Respond to Defendant's Motion. The Court approved the stay by Order dated January 22, 2025;

WHEREAS, on May 1, 2025, the Parties attended a mediation with Bennett G. Picker, Esquire of Stradley Ronon. Though the Parties did not reach a settlement at that time, they continued to negotiate and the Parties later reached a settlement in principle;

WHEREAS, Defendant denies the allegations and all liability with respect to any and all facts and claims alleged in the Action, that the Class Representatives and the class that they purport to represent have suffered any damage(s), and/or that the Action satisfies the requirements to be tried as a class action under Federal Rule of Civil Procedure 23; and

WHEREAS, following extensive arm's length settlement negotiations, a mediation session, and the exchange of informal discovery, the Parties reached an agreement of the essential terms of settlement.

NOW, THEREFORE, in exchange for the mutual promises and valuable consideration provided for in this Agreement, the Parties agree to a full, complete, and final settlement and resolution of the Action, subject to Court approval, on the following terms and conditions:

## I. DEFINITIONS



Doc ID: 9e6c7f1d3f5990b6d1af772a1563296708f8f43c7d6595

In addition to terms defined at various points within this Agreement, the following defined terms shall have the meanings set forth below:

1. "Action" means the class action lawsuit captioned *Dunlop, et al. v. Bayhealth Medical Center, Inc.*, Case No. 24-0946-GBW, pending in the United States District Court for the District of Delaware.

2. "Approved Claim" means the timely submission of a Claim Form by a Settlement Class Member that has been approved by the Settlement Administrator.

3. "CAFA Notice" means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. Sec. 1711, et seq., to be served upon the appropriate federal official(s).

4. "Claim Form" means the form that will be available for Settlement Class Members to submit a Settlement Claim (defined below) to the Settlement Administrator (defined below) and that is substantially in the form of **Exhibit 3**. Settlement Class Members must submit a Claim Form, subject to the provisions of this Settlement Agreement, to obtain benefits under this Settlement Agreement.

5. "Claims Deadline" means the last day for a Settlement Class Member to submit a timely Claim Form, which will occur ninety (90) days after the Notice Deadline.

6. "Claims Period" means the period of time during which Settlement Class Members may submit Claim Forms to receive settlement benefits, which will end ninety (90) days after the Notice Deadline.

7. "Class Counsel" means Kenneth J. Grunfeld of Kopelowitz Ostrow P.C. and Raina C. Borrelli of Strauss Borrelli PLLC.

8. "Class Representatives" means Sally Cannon Dunlop, Adam Budd, and Lindsay Beiler.

9. "Court" means the United States District Court for the District of Delaware.

10. "Data Incident" means the data security incident effecting Bayhealth which Bayhealth discovered in or around July 2024.

11. "Defendant's Counsel" means Paulyne Gardner of Mullen Coughlin, LLC.

12. "Effective Date" means one (1) business day after all of the following conditions have occurred: (i) the Court enters the Preliminary Approval Order; (ii) the Court has entered a Final Approval Order and Judgment finally approving this Settlement Agreement; and (iii) either (a) the date upon which the time expires for filing or noticing any reconsideration or appeal of the Final Approval Order and Judgment; or (b) if there is an appeal or appeals or reconsideration sought, the date on which the Final Approval Order and Judgment is affirmed without any material



Doc ID: 6066f1f8f599b96f1ef772a85032979a18f4c7d0595

modification and is no longer subject to judicial review; and (iv) the date of final dismissal of any appeal or reconsideration or the final dismissal of any proceeding on certiorari with respect to the Final Approval Order and Judgment, and the Final Approval Order and Judgment is no longer subject to judicial review. Notwithstanding the above, any order modifying or reversing any attorneys' fees, costs, and expenses or Service Award to a Class Representative shall not affect the "Effective Date" or any other aspect of the Final Approval Order and Judgment.

13. "Fee Award and Costs" means the amount of attorneys' fees and reimbursement of Litigation Costs and Expenses awarded by the Court to Class Counsel.

14. "Final Approval Order and Judgment" means an order and judgment that the Court enters after the Final Approval Hearing, which finally approves the Settlement Agreement, certifies the Settlement Class, dismisses the Action with prejudice, and otherwise satisfies the settlement-related provisions of Federal Rule of Civil Procedure 23, and is consistent with all material provisions of this Agreement. Notwithstanding the foregoing, any order modifying or reversing any Attorneys' Fees and Expenses Award or Service Award made in this case shall not affect whether the Final Approval Order and Judgment is "Final" as defined herein or any other aspect of the Final Approval Order and Judgment.

15. "Final Approval Hearing" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement pursuant to Federal Rule of Civil Procedure 23 and whether to issue the Final Approval Order and Judgment.

16. "Litigation Costs and Expenses" means costs and expenses incurred by counsel for Plaintiffs in connection with commencing, prosecuting, and settling the Action.

17. "Medical Monitoring Services" means two years of Kroll Essential Monitoring. These services include one-bureau credit monitoring; dark web monitoring; real-time inquiry alerts; and $1 million in identity theft insurance, among other features.

18. "Net Settlement Fund" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) Notice and Administrative Expenses, (ii) Taxes and Tax-Related Expenses, (iii) Service Awards Payments approved by the Court, and (iv) Fee Award and Costs approved by the Court.

19. "Non-Profit Residual Recipient" means Delaware Combined Campaign for Justice or a non-profit organization(s) otherwise approved by the Court.

20. "Notice" means notice of the proposed class action Settlement to be provided to Settlement Class Members, substantially in the form attached hereto as **<u>Exhibit 1</u>** ("Short Form Notice") and **<u>Exhibit 2</u>** ("Long Form Notice").

21. "Notice Deadline" means the last day by which Notice must begin to issue to the Settlement Class Members, and which will occur thirty (30) days after entry of the Preliminary Approval Order.

22. “Notice and Administrative Expenses” means all of the expenses incurred in the administration of this Settlement, including, without limitation, all expenses or costs associated with providing Notice to the Settlement Class, locating Settlement Class Members, performing National Change of Address search(es) and/or skip tracing, processing claims, determining the eligibility of any person to be a Settlement Class Member, and administering, calculating and distributing the Settlement Fund to Settlement Class Members. Administrative Expenses also include all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

23. “Objection Deadline” is the last day on which a Settlement Class Member may file an objection to the Settlement, which will be sixty (60) days after the Notice Deadline.

24. “Opt-Out Deadline” is the last day on which a Settlement Class member may file a request to be excluded from the Settlement Class, which will be sixty (60) days after the Notice Deadline.

25. “Out-of-Pocket Losses” means documented out-of-pocket costs or expenditures that a Settlement Class Member actually incurred that are fairly traceable to the Data Incident, and that have not already been reimbursed by a third party, as set forth in Paragraph 52.

26. “Personal Information” means information that identifies an individual or that in combination with other information can be used to identify, locate, or contact an individual. The term “Personal Information” is not intended here, nor should it be viewed as, having any bearing on the meaning of this term or similar term in any statute or other source of law beyond this Agreement, or how the Parties may use the term in other circumstances.

27. “Preliminary Approval Order” means an order directing issuance of Notice to Settlement Class Members, determining that the Court will likely be able to approve the Settlement under Federal Rule of Civil Procedure 23(e)(2), and determining that the Court will likely be able to certify the Settlement Class for purposes of judgment. Such order will include the forms and procedure for providing notice to the Settlement Class, including notice of the procedure for Settlement Class Members to object to or opt-out of the Settlement, and set a date for the Final Approval Hearing, substantially in the form annexed hereto as **Exhibit 4**.

28. “Pro Rata Cash Payment” or “Cash Payment” means a pro rata cash payment from the Net Settlement Fund, estimated at $60, with the final payment amounts depending on the number of valid claims submitted, which a Settlement Class Member may claim under this Settlement Agreement, as set forth in Paragraphs 50-51.

29. “Released Claims” means any and all past, present, and/or future claims, liabilities, rights, demands, suits, actions, causes of action, obligations, damages, penalties, costs, attorneys’ fees, losses, defenses, and remedies of every kind or description in law or in equity, including but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. §§ 45 et seq., and all similar statutes in effect in any states in

the United States; all Delaware consumer protection statutes; violations of any federal or state data breach notification statute; negligence; negligence per se; breach of implied contract; breach of fiduciary duty; invasion of privacy; unjust enrichment; and failure to provide adequate notice pursuant to any breach notification statute or common law duty, as well as monetary sanctions or damages for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, or interest—whether known or unknown (including Unknown Claims as set forth in Paragraph 83), existing or potential, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—that the Releasing Parties had or have that have been or could have been asserted in the Action or that otherwise relate to or arise from the Data Incident, the operative facts alleged in the Action, including the complaint and the amendments thereto, the alleged access, disclosure and/or acquisition of Settlement Class Members' Personal Information in the Data Incident, Defendant's provision of notice to Settlement Class Members following the Data Incident, Defendant's information security policies and practices as they relate to or arise from the Data Incident, or Defendant's maintenance or storage of Personal Information as they relate to or arise from the Data Incident, regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law.

30. "Released Parties" means Defendant and each and every of its respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of its past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, agents and/or third-party administrators thereof, subrogees and assigns of any of the foregoing, as well as clients of Defendant and each and every of their respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees and assigns of any of the foregoing. Each of the Released Parties may be referred to individually as a "Released Party." It is expressly understood that to the extent a Released Party is not a party to this Agreement, all such Released Parties are intended third-party beneficiaries of the Agreement.

31. "Releasing Parties" means (i) Plaintiffs and all Settlement Class Members, (ii) each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, affiliates, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by the entireties, agents, and attorneys, (iii) any entities in which a Plaintiffs and/or other participating Settlement Class Member has or had a controlling interest or that has or had a controlling interest in him, her, or it, (iv) any other person or entity (including any governmental entity) claiming by or through, on behalf of, for the benefit of, derivatively for, or as representative of a Plaintiff and/or any other Settlement Class Member, and all those who claim through them or on their behalf, and (v) the respective past and present directors, governors, executive-committee members, officers, officials, employees, members, partners, principals, agents, attorneys, advisors, trustees, administrators, fiduciaries, consultants, service providers, representatives, successors in interest, assigns, beneficiaries, heirs, executors, accountants, accounting advisors, and auditors of any or all of the above persons or entities identified in (i)-(iv).



Doc ID: [illegible]

32. "Request for Exclusion" is the written communication by or on behalf of a Settlement Class Member in which he or she requests to be excluded from the Settlement Class in the form and manner provided for in the Notice.

33. "Residual Settlement Fund" means any funds that remain in the Settlement Fund after Settlement Payments have been distributed and the time for cashing and/or redeeming Settlement Payments has expired. The Residual Funds will be sent to one or more Non-Profit Residual Recipient(s).

34. "Service Award Payment" means compensation awarded by the Court and paid to any Class Representative in recognition of his or her role in this litigation.

35. "Settlement" means the settlement of the Action by and between the Parties, and the terms thereof as stated in this Settlement Agreement.

36. "Settlement Administrator" means Kroll Settlement Administration LLC ("Kroll"), a notice and settlement administrator with recognized expertise in class action notice and claims generally and data security litigation specifically, as jointly agreed upon by the Settling Parties and approved by the Court.

37. "Settlement Class" means the persons who are identified on the Settlement Class List, which includes all individuals residing in the United States whose Private Information was potentially compromised in the Data Incident discovered by Bayhealth in July 2024, including all those individuals who received notice of the Data Incident. Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

38. "Settlement Class List" means the list generated by Defendant containing the full names and current or last known home addresses and email addresses for Settlement Class Members, which Defendant shall provide to the Settlement Administrator within 10 days of the Preliminary Approval Order.

39. "Settlement Class Member" means an individual who falls within the definition of the Settlement Class.

40. "Settlement Fund" means the sum of Two Million, Five Hundred Thousand Dollars and Zero Cents ($2,500,000.00) to be paid by or on behalf of Defendant as specified in Paragraph 44, including any interest accrued thereon after payment. This payment is the limit and extent of the monetary obligations of Defendant, its respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of its past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, agents and/or third-party administrators thereof, subrogees and assigns of any of the foregoing, with respect to this Agreement and the settlement of this matter. As such, the Settlement Fund represents the total extent of Defendant's monetary

obligations under the Settlement Agreement. Defendant's contribution to the Settlement Fund shall be fixed and shall be final. Defendant shall have no obligation to make further payments into the Settlement Fund and shall have no financial responsibility or obligation relating to the Settlement beyond the Settlement Fund.

41. "Settlement Payment" or "Settlement Check" means the payment to be made via mailed check or electronic payment to a Settlement Class Member pursuant to Paragraph 58.

42. "Settlement Website" means the website that the Settlement Administrator will establish as soon as practicable following entry of the Preliminary Approval Order, but prior to the mailing of the Notice, as a means for Settlement Class Members to obtain notice of and information about the Settlement and relevant case documents and deadlines. The Settlement Website shall contain relevant documents, including, but not limited to, the Notice, this Agreement, Plaintiffs' motion for preliminary approval of the Settlement, the Preliminary Approval Order, Plaintiffs' motion for an award of attorneys' fees, costs and expenses, and/or service awards, and the operative complaint in the Action. The Settlement Website shall also include a toll-free telephone number, e-mail address, and mailing address through which Settlement Class Members may contact the Settlement Administrator directly. The Settlement Website shall not include any advertising and shall remain operational until at least sixty (60) days after all Settlement Payments have been distributed.

43. "Taxes and Tax-Related Expenses" means any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon Defendant with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Settlement Fund.

## II. SETTLEMENT FUND

44. **Establishment of Settlement Fund**. Defendant agrees to make a payment, and deposit that payment into, the Settlement Fund as follows: (a) Within twenty (20) days of the Court granting preliminary approval of this Settlement, Defendant shall pay, from the total settlement amount, to the Settlement Administrator an amount estimated by the Settlement Administrator (said amount being part of and not in addition to the Settlement Fund) to defray the actual expenses of notice to Settlement Class Members; (b) not more than fourteen (14) days after the Effective Date, Defendant shall pay into a Qualified Settlement Fund to be established and maintained by the Settlement Administrator the remaining portion of the Settlement Fund. For the avoidance of doubt, and for purposes of this Settlement Agreement only, Defendant's liability shall not exceed Two Million, Five Hundred Thousand Dollars and Zero Cents ($2,500,000.00). To the extent this Settlement is not finally approved, Defendant will be entitled to the return of any amounts not already incurred by the Settlement Administrator in connection with administration of the Settlement. The Settlement Administrator shall provide wiring instructions and a properly completed and duly executed IRS Form W-9 to Defendant within five (5) days of the entry of the Preliminary Approval Order. Following Defendant's payment of all Settlement Fund monies as described in this Paragraph after Final Approval, Defendant shall have no responsibility, financial



Doc ID: 666d71f8f599b6f1ef772a85032979a818f4b700595

obligation, or liability whatsoever with respect to the selection of the Settlement Fund account, investment of Settlement Fund account funds, payment of federal, state, and local income, employment, unemployment, excise, and any other Taxes or Tax-Related Expenses imposed on the Settlement Fund account or its distributions, or payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the Settlement Fund.

45. **Non-Reversionary**. The Settlement Fund is non-reversionary. As of the Effective Date, all rights of Defendant in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is terminated, as described in Paragraph 80.

46. **Qualified Settlement Fund**. The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes and Tax-Related Expenses owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation. Funds may be placed in a non-interest bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

47. **Custody of Settlement Fund**. The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or the balance returned to those who paid the Settlement Fund in the event this Settlement Agreement is terminated in accordance with Paragraph 80.

48. **Use of the Settlement Fund**. As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay: (i) all costs of Settlement Administration including Taxes and Tax-Related Expenses; (ii) approved Out-of-Pocket Loss Claims; (iii) approved Pro Rata Cash Payments; (iv) approved claims for Medical Monitoring; (v) Service Awards; and (vi) Attorneys Fee Award and Costs. Any amount remaining in the Residual Settlement Fund shall be paid to the Non-Profit Residual Recipient in accordance with Paragraph 66. No amounts may be withdrawn from the Settlement Fund unless expressly authorized by this Agreement or approved by the Court.

49. **Taxes and Representations**. Taxes and Tax-Related Expenses relating to the Settlement Fund shall be considered Notice and Administrative Expenses and shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties, their counsel, and their insurers and reinsurers for Taxes and Tax-Related Expenses (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class

Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

## III. SETTLEMENT BENEFITS

### a. Pro Rata Cash Payment

50. **Pro Rata Cash Payment**. All Settlement Class Members may submit a claim for a Pro Rata Cash Payment from the Net Settlement Fund, estimated at $60, with the final payment amounts adjusted up or down depending on the number of claims submitted, by submitting a Claim Form to the Settlement Administrator no later than the Claims Deadline. The Pro Rata Cash Payment will be calculated in accordance with Paragraph 65 below and may be increased or decreased based on the number of valid claims submitted for this settlement benefit.

51. **Assessing Claims for Pro Rata Cash Payments**. The Settlement Administrator shall verify that each person who submits a Claim Form is a Settlement Class Member. A Settlement Class Member shall not be required to submit any documentation or additional information in support of their claim for a Pro Rata Cash Payment. The Settlement Administrator shall have the sole discretion and authority to determine whether the prerequisites have been met to award payments for Pro Rata Cash Payments.

### b. Reimbursement For Out-Of-Pocket Losses

52. **Reimbursement for Out-of-Pocket Losses**. In addition to the Pro Rata Cash Payment, all Settlement Class Members may submit a claim for Out-of-Pocket Losses. All Settlement Class Members may submit a claim for up to Five Thousand Dollars and Zero Cents ($5,000.00) for reimbursement of Out-of-Pocket Losses. "Out-of-Pocket Losses" are unreimbursed costs or expenditures incurred by a Settlement Class Member that are fairly traceable to the Data Incident including, without limitation, the following: (i) unreimbursed costs, expenses, losses or charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of class member's personal information; (ii) costs incurred on or after July 31, 2024, associated with purchasing or extending additional credit monitoring or identity theft protection services and/or accessing or freezing/unfreezing credit reports with any credit reporting agency; and (iii) other miscellaneous expenses incurred related to any Out-of-Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges. Settlement Class Members who elect to submit a claim for Reimbursement of Out-of-Pocket Losses must provide to the Settlement Administrator the information required to evaluate the claim, including: (1) the Settlement Class Member's name and current address; (2) documentation supporting their claim; (3) a brief description of the documentation describing the nature of the loss, if the nature of the loss is not apparent from the documentation alone; and (4) whether the Settlement Class Member has been reimbursed for the loss by another source. Documentation supporting Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Settlement Class Member that documents the costs incurred. "Self-prepared" documents such as handwritten



Doc ID: 5e6d71f8f59056fe772a35032979818f3b7d0595

receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation. Settlement Class Members shall not be reimbursed for Out-of-Pocket Losses if they have already been reimbursed for the same Out-of-Pocket Losses by another source. A claim for reimbursement for Out-of-Pocket Losses may be combined with a claim for a Pro Rata Cash Payment and Medical Monitoring but in no circumstance will a Settlement Class Member be eligible to receive more than the Five Thousand Dollars and Zero Cents ($5,000.00) cap.

53. **Assessing Claims for Out-of-Pocket Losses**. The Settlement Administrator shall verify that each person who submits a Claim Form is a Settlement Class Member. The Settlement Administrator shall have the sole discretion and authority to determine whether and to what extent documentation for Out-of-Pocket Losses reflects valid Out-of-Pocket Losses actually incurred that are fairly traceable to the Data Incident, but may consult with Class Counsel and Defendant's Counsel in making individual determinations. In assessing what qualifies as "fairly traceable," the Parties agree to instruct the Settlement Administrator to consider (i) whether the timing of the loss occurred on or after July 31, 2024; and/or (ii) whether the Personal Information used to commit identity theft or fraud consisted of the same type of Personal Information that was potentially impacted as a result of the Data Incident. The Settlement Administrator is authorized to contact any Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity. Settlement Class Members that file a Claim for Out-of-Pocket Losses only and not for a Pro Rata Cash Payment and have their Out-of-Pocket Losses Claim rejected may be treated by the Settlement Administrator as if he or she elected a Pro Rata Cash Payment.

54. **Disputes**. To the extent the Settlement Administrator determines a claim for Out-of-Pocket Losses is deficient in whole or part, within a reasonable time of making such a determination, the Settlement Administrator shall notify the Settlement Class Member of the deficiencies and give the Settlement Class Member twenty-one (21) days to cure the deficiencies. Such notifications shall be sent via e-mail, unless the claimant did not provide an e-mail address, in which case such notifications shall be sent via U.S. mail. If the Settlement Class Member attempts to cure the deficiencies but, at the sole discretion and authority of the Settlement Administrator, fails to do so, the Settlement Administrator shall notify the Settlement Class Member of that determination within ten (10) days of the determination. The Settlement Administrator may consult with Class Counsel and Defendant's Counsel in making such determinations.

**c. <u>Medical Monitoring</u>**

55. All Settlement Class Members are eligible to enroll in 2 years of Kroll Essential Monitoring. The Settlement Administrator shall send an activation code to each valid Medical Monitoring Services claimant within fourteen (14) days of the Effective Date that can be used to activate Medical Monitoring Services. Such enrollment codes shall be sent via e-mail, unless the claimant did not provide an e-mail address, in which case such codes shall be sent via U.S. mail. Codes will be active for 180 days after the date of mailing, and may be used to activate the full term if used at any time during that 180-day period. The provider shall provide Medical Monitoring Services to all valid claimants who timely activate those services for a period of 2 years from the

date of activation. Medical Monitoring expenses, the administration of which will be undertaken by the Settlement Administrator and overseen by Class Counsel, will be paid for from the Settlement Fund.

### d. <u>Additional Security Measures</u>

56. Defendant has confirmed that it has made certain changes to its information security and will attest to these changes in a confidential declaration provided to Class Counsel in support of the Settlement. Within thirty (30) days after the entry of the Preliminary Approval Order, Defendant shall provide Class Counsel with a confidential declaration or affidavit, suitable for filing under seal with the Court as necessary, attesting that agreed upon security-related measures have been implemented on or before, and up to, the date of the Preliminary Approval Order and identifying the approximate cost of those security-related measures. Costs associated with these security-related measures should be paid by Defendant separate and apart from other settlement benefits and separate and apart from the Settlement Fund. The information provided by Defendant pursuant to this paragraph shall be treated as confidential and cannot be used for any purpose other than approval and enforcement of this Settlement Agreement.

## IV. CAFA NOTICE

57. The Claims Administrator will serve or cause to be served the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, not later than ten (10) days after this Court grants Preliminary Approval of this Settlement.

## V. <u>PAYMENTS TO SETTLEMENT CLASS MEMBERS</u>

58. **Payment Timing**. Payments for Approved Claims for reimbursement for Out-of-Pocket Losses and Pro Rata Cash Payments shall be issued in the form of an electronic payment or check mailed as soon as practicable after the allocation and distribution of funds are determined by the Settlement Administrator following the Effective Date. The Settlement Administrator shall utilize electronic payment methods wherever possible.

59. **Timing**. To the extent payments are made by check, settlement checks shall bear the legend that they expire if not negotiated within sixty (60) days of their date of issue.

60. **Returned Checks**. For any electronic payment or settlement check returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to locate a valid address and resend the Settlement Payment within thirty (30) days after the electronic payment or check is returned to the Settlement Administrator as undeliverable. In attempting to locate a valid address, the Settlement Administrator is authorized to send an e-mail and/or place a telephone call to that Settlement Class Member to obtain updated address information. Any replacement electronic payment(s) or settlement check(s) issued to Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Settlement Class Members within that time.



Doc ID: 6e6d7f1d3f5905e6f1af272ae1563297a6f8f43d7dd5915

61. **Uncashed Checks**. To the extent that an electronic payment or settlement check is not cashed, accepted and/or negotiated within sixty (60) days after the date of issue, the Settlement Administrator shall undertake the following actions: (1) attempt to contact the Settlement Class Member by e-mail and/or telephone to discuss how to obtain a reissued electronic payment or check; (2) if those efforts are unsuccessful, make reasonable efforts to locate an updated address for the Settlement Class Member using advanced address searches or other reasonable methods; and (3) reissuing an electronic payment or check or mailing the Settlement Class Member a postcard (either to an updated address if located or the original address if not) providing information regarding how to obtain a reissued electronic payment or check. Any reissued electronic payment(s) or settlement check(s) issued to Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Settlement Class Members within that time.

62. **Deceased Class Members**. If the Settlement Administrator is notified that a Settlement Class Member is deceased, the Settlement Administrator is authorized to reissue the electronic payment(s) or settlement check(s) to the Settlement Class Member's estate upon receiving proof the Settlement Class Member is deceased and after consultation with Class Counsel and Defendant's Counsel.

## VI. CLAIMS; DISTRIBUTION OF SETTLEMENT FUNDS; RESIDUAL SETTLEMENT FUND

63. **Submission of Electronic and Hard Copy Claims**. Settlement Class Members may submit Claim Forms to the Settlement Administrator electronically via the Settlement Website or physically by mail to the Settlement Administrator. Claim Forms must be submitted electronically or postmarked during the Claims Period and on or before the Claims Deadline.

64. **Order of Distribution of Funds**. The Settlement Administrator must first use the funds available in the Settlement Fund (after payment of Notice and Administrative Expenses and Taxes and Tax-Related Expenses) to make payments for Service Awards, followed by Fee Award and Costs, followed by Approved Claims for Out-of-Pocket Losses, followed by Approved Claims for Medical Monitoring, followed by Approved Claims for Pro Rata Cash Payments.

65. **Pro-Rata Contingencies**.

a. In the event that the funds remaining in the Net Settlement Fund are not sufficient to make payment for those Approved Claims for Out-of-Pocket Losses, then the value of the payments for Approved Claims for Out-of-Pocket Losses shall be reduced on a pro rata basis, such that the aggregate value of all payments for Approved Claims for Out-of-Pocket Losses does not exceed the Net Settlement Fund. In such an event, no Net Settlement Funds will be distributed for Approved Claims for Pro Rata Cash Payments.

b. In the event that the funds remaining in the Net Settlement Fund are not sufficient to make payment for those Approved Claims for Medical Monitoring Services, then the duration of the Medical Monitoring Services shall be reduced to 1 year.

c. In the event that funds remaining in the Net Settlement Fund after the payment for Approved Claims for Out-of-Pocket Losses and Medical Monitoring Services are not sufficient to make payment for the full amount of the Approved Claims for Pro Rata Cash Payments (*i.e.*, Sixty Dollars and Zero Cents [$60.00] per Approved Claim), then the value of the Approved Claims for Pro Rata Cash Payments shall be reduced on a pro rata basis, such that the aggregate value of all payments for Approved Claims does not exceed the Net Settlement Fund. The Pro Rata Cash Payment amount may also be increased based on the amount of the Net Settlement Fund and the number of valid claims submitted To ensure that the maximum amount of the Net Settlement Fund is distributed, following the payment of Approved Claims for Out-of-Pocket Losses and Approved Claims for Medical Monitoring Services, the amount remaining in the Net Settlement Fund shall be divided by the number of Settlement Class Members who submit Approved Claims for Pro Rata Cash Payments and allocated on a *pro rata* basis to all Settlement Class Members who submitted Approved Claims for Pro Rata Cash Payments.

d. All *pro rata* determinations required by this Paragraph shall be performed by the Settlement Administrator upon notice to Class Counsel and Defendant's Counsel.

66. **Unclaimed Property**. No portion of the Settlement Fund shall revert or be repaid to Defendant after the Effective Date. To the extent any monies remain in the Residual Settlement Fund more than 150 days after the distribution of Settlement payments to the Settlement Class Members, or 30 days after all reissued Settlement Checks are no longer negotiable, whichever occurs later or as otherwise agreed to by the Parties, any remaining monies shall be distributed as required by state law or to the Non-Profit Residual Recipient.

## VII. SETTLEMENT CLASS NOTICE

67. **Timing of Notice**. Within ten (10) days after the date of the Preliminary Approval Order, Defendant shall provide the Settlement Class List to the Settlement Administrator. Within thirty (30) days after the date of the Preliminary Approval Order, the Settlement Administrator shall disseminate the Short Form Notice to the members of the Settlement Class. The Settlement Administrator shall make the Long Form Notice and Claim Form available to Settlement Class Members on the Settlement Website.

68. **Form of Notice**. Notice shall be disseminated via U.S. mail to Settlement Class Members as postcard notice with an attached, tear-off Claim Form. Reminder notice shall be sent if necessary and agreed upon by both Class Counsel and Defendant's Counsel.

## VIII. OPT-OUTS AND OBJECTIONS

69. **Opt-Outs**. The Notice shall explain the procedure for Settlement Class Members to exclude themselves or "opt-out" of the Settlement by submitting a Request for Exclusion to the Settlement Administrator postmarked no later than sixty (60) days after the Notice Deadline. The Request for Exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication. The Notice must state that any Settlement Class Member who does not file a timely Request for



Doc ID: 666d71d8f5905661ef772a3503297961f6fd70d595

Exclusion in accordance with this Paragraph will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement.

70. **Objections**. The Notice shall explain the procedure for Settlement Class Members to object to the Settlement by submitting written objections to the Settlement Administrator postmarked no later than sixty (60) days after the Notice Deadline. The written objection must include (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vii) a list of all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection to a class action settlement; and (viii) the signature (or electronic equivalent) of the Settlement Class Member or the Settlement Class Member's attorney. The Notice must set forth the time and place of the Final Approval Hearing (subject to change) and state that any Settlement Class Member who does not file a timely and adequate objection in accordance with this Paragraph waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement.

71. Within seven (7) days after the deadline to opt-out as set forth in this Paragraph and as approved by the Court, the Settlement Administrator shall furnish to counsel for the parties a complete list of all timely and valid request for exclusions.

## IX. DUTIES OF THE SETTLEMENT ADMINISTRATOR

72. **Duties of Settlement Administrator**. The Settlement Administrator shall perform the functions and duties necessary to effectuate the Settlement and as specified in this Agreement, including, but not limited to, the following:

a. Creating, administering, and overseeing the Settlement Fund;

b. Obtaining the Settlement Class List for the purpose of disseminating Notice to Settlement Class Members;

c. Performing National Change of Address searches and/or skip tracing on the Settlement Class List;

d. Providing Notice to Settlement Class Members via U.S. mail;

e. Establishing and maintaining the Settlement Website;

f. Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries within one (1) business day;

g. Responding to any mailed or emailed Settlement Class Member inquiries within one (1) business day;

h. Reviewing, determining the validity of, and processing all claims submitted by Settlement Class Members;

i. Receiving Requests for Exclusion and objections from Settlement Class Members and providing Class Counsel and Defendant's Counsel a copy thereof no later than seven (7) days following the deadline for submission of the same. If the Settlement Administrator receives any Requests for Exclusion, objections, or other requests from Settlement Class Members after the Opt-Out and Objection Deadlines, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

j. After the Effective Date, processing and transmitting settlement payments to Settlement Class Members;

k. Providing weekly or other periodic reports to Class Counsel and Defendant's Counsel that include information regarding the number of settlement electronic payments and/or checks mailed and delivered, electronic payments and/or settlement checks cashed, undeliverable information, and any other requested information relating to settlement payments. The Settlement Administrator shall also, as requested by Class Counsel or Defendant's Counsel and from time to time, provide the amounts remaining in the Net Settlement Fund;

l. In advance of the Final Approval Hearing, preparing an affidavit to submit to the Court that: (i) attests to implementation of Notice in accordance with the Preliminary Approval Order; and (ii) identifies each Settlement Class Member who timely and properly submitted a Request for Exclusion; and

m. Performing any function related to settlement administration as provided for in this Agreement or at the agreed-upon instruction of Class Counsel or Defendant's Counsel, including, but not limited to, verifying that settlement payments have been distributed.

73. **Limitation of Liability**. The Parties, Class Counsel, Defendant's Counsel, and Defendant's insurers, reinsurers, agents and/or third-party administrators, shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.



Doc ID: 6e66d7f1d3f590b6d8fae2762ae85a6329679ac818f43c766d595

74. **Indemnification**. The Settlement Administrator shall indemnify and hold harmless the Parties, Class Counsel, Defendant's Counsel, and Defendant's insurers and reinsurers for (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Plan and the administration of the Settlement; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

## X. PRELIMINARY APPROVAL, FINAL APPROVAL, AND JURISDICTION

75. **Certification of the Settlement Class**. For purposes of this Settlement only, the Parties stipulate to the certification of the Settlement Class, which is contingent upon the Court entering the Final Approval Order and Judgment of this Settlement and the occurrence of the Effective Date. Should: (1) the Settlement not receive final approval from the Court, or (2) the Effective Date not occur, the certification of the Settlement Class shall be void. Defendant reserves the right to contest class certification for all other purposes. The Parties further stipulate to designating the Class Representatives as the representatives for the Settlement Class.

76. **Preliminary Approval**. Following execution of this Agreement, Class Counsel shall file a motion for preliminary approval of this Settlement with the Court. Class Counsel shall provide Defendant's counsel with a draft of the motion for preliminary approval within a reasonable time frame prior to filing same to ensure that there are no requested revisions from Defendant.

77. **Final Approval**. Class Counsel shall move the Court for a Final Approval Order and Judgment of this Settlement, to be issued following the Final Approval Hearing, within a reasonable time after the Notice Deadline, Objection Deadline, and Opt-Out Deadline. In connection with the motion for preliminary approval, counsel for the parties shall request that the Court set a date for the Final Approval Hearing that is no earlier than 120 days after entry of the Preliminary Approval Order. Class Counsel shall provide Defendant's counsel with a draft of the motion for final approval within a reasonable time frame prior to filing same to ensure that there are no requested revisions from Defendant.

78. **Jurisdiction**. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.



Doc ID: 6066f7f18f5990b6f1af772a8503297a618f43716595

## XI. MODIFICATION AND TERMINATION

79. **Modification**. The terms and provisions of this Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that, after entry of the Preliminary Approval Order, the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Agreement.

80. **Termination**. Class Counsel (on behalf of the Settlement Class Members) and Defendant shall have the right to terminate this Agreement by providing written notice of their or its election to do so ("Termination Notice"): (1) within seven (7) days of the Court's refusal to grant preliminary approval of the Settlement in any material respect; or (2) within fourteen (14) days of either of the following: (a) the Court's refusal to enter the Judgment in any material respect, or (b) the date upon which the Judgment is modified or reversed in any material respect by any appellate or other court. No order of the Court or modification or reversal or appeal of any order of the Court concerning the amounts of the attorneys' fees and costs and/or Service Awards shall constitute grounds for termination of the Settlement.

81. **Effect of Termination**. In the event of a termination as provided in Paragraph 80, this Agreement shall be considered null and void; all of the Parties' obligations under the Agreement shall cease to be of any force and effect and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved. Finally, in such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties and shall not be used in this Action or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

## XII. RELEASES

82. **The Release**. Upon the Effective Date, and in consideration of the Settlement benefits described herein, each Releasing Party shall be deemed to have released, acquitted, and forever discharged Defendant and each of the Released Parties from any and all Released Claims. Plaintiffs, Settlement Class Members, and any Releasing Parties covenant and agree that they will not take any step whatsoever to assert, sue on, continue, pursue, maintain, prosecute, or enforce any Released Claim, directly or indirectly, whether on behalf of themselves or others, against any of the Released Parties in any jurisdiction.

83. **Unknown Claims**. The Released Claims include the release of Unknown Claims. "Unknown Claims" means claims that could have been raised in the Action and that Plaintiffs, any member of the Settlement Class or any Releasing Party, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the



Doc ID: 866d71f8f59058e1e772a85032973816f3706595

Settlement. With respect to the Released Claims, Plaintiffs, Settlement Class Members, and any Releasing Parties, expressly understand and acknowledge it is possible that unknown economic losses or claims exist or that present losses may have been underestimated in amount or severity. Plaintiffs, Settlement Class Members, and any Releasing Parties explicitly took that into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between Plaintiffs and Defendant with the knowledge of the possibility of such unknown claims for economic loss, were given in exchange for a full accord, satisfaction, and discharge of all such claims. Upon the Effective Date, Plaintiffs, the Settlement Class, and any Releasing Party shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Class Representatives, the Settlement Class, and any Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, including but not limited to any Unknown Claims they may have, as that term is defined in this Paragraph. Each of those individuals expressly agrees that, as of the Effective Date, he or she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all of the matters described in or subsumed by this Agreement. Further, each of those individuals agrees and acknowledges that he or she shall be bound by this Agreement, including by the release herein and that all of their claims shall be dismissed with prejudice and released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law; and even if he or she never receives actual notice of the Settlement and/or never receives a payment from the Settlement.

84. **Bar to Future Suits**. Upon entry of the Final Approval Order and Judgment, the Class Representatives, other Settlement Class Members, and Class Counsel and any other attorneys for Plaintiffs in the Action shall be enjoined from prosecuting any claim released in the preceding paragraphs in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by this Agreement or by the Final Approval Order. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this section.



Doc ID: 666d71f8f599b6f1ef772a85632979a18f43766595

## XIII. SERVICE AWARDS

85. **Service Awards**. At least thirty (30) days before the Opt-Out and Objection Deadlines, Class Counsel will file a motion seeking a service award payment not to exceed Five Thousand Dollars and Zero Cents ($5,000) for each of the Class Representatives, for a total of Fifteen Thousand Dollars and Zero Cents ($15,000), in recognition of their contributions to this Action, subject to Court approval. The Settlement Administrator shall make the Service Award Payments to the Class Representatives from the Settlement Fund. Such Service Award Payments shall be paid by the Settlement Administrator, in the amount approved by the Court, no later than thirty (30) days after the Effective Date.

86. **No Effect on Agreement**. In the event the Court declines to approve, in whole or in part, the payment of service awards in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the service awards shall constitute grounds for termination of this Agreement.

## XIV. ATTORNEYS' FEES, COSTS, EXPENSES

87. **Attorneys' Fees and Costs and Expenses**. At least thirty (30) days before the Opt-Out and Objection Deadlines, Class Counsel will file a motion for an award of attorneys' fees not to exceed one-third of the Settlement Fund, or Eight Hundred and Thirty-Three Thousand, Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($833,333.33), plus reasonable litigation costs and expenses, to be paid from the Settlement Fund, and subject to Court approval. The Fee Award and Costs shall be paid by the Settlement Administrator from the Settlement Fund, in the amount approved by the Court, no later than thirty (30) days after the Effective Date.

88. **Allocation**. To the extent applicable, and unless otherwise ordered by the Court, Class Counsel shall have the sole and absolute discretion to allocate any approved Fee Award and Costs amongst Plaintiffs' counsel and any other attorneys for Plaintiffs. Defendant and its insurers and reinsurers shall have no liability or other responsibility for allocation of any such attorneys' fees and costs.

89. **No Effect on Agreement**. In the event the Court declines to approve, in whole or in part, the payment of attorneys' fees and costs and expenses in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the service awards shall constitute grounds for termination of this Agreement.

## XV. NO ADMISSION OF LIABILITY

90. **No Admission of Liability**. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or



Doc ID: 666d7f18f5905681fef772a85032979a8f84d7d5595

defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

91. **No Use of Agreement**. Neither the Settlement Agreement, nor any act performed or document produced or executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiffs; or (ii) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission by Defendant in the Action or in any proceeding in any court, administrative agency or other tribunal.

## XVI. MISCELLANEOUS

92. **Integration of Exhibits**. The exhibits to this Agreement and any exhibits thereto are a material part of the Settlement and are incorporated and made a part of the Agreement.

93. **Entire Agreement**. This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject matter hereof and shall supersede any previous agreements, representations, communications and understandings among the Parties. This Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval. The Parties contemplate that, subject to Court approval or without such approval where legally permissible, the exhibits to this Agreement may be modified by subsequent Agreement of counsel for the Parties prior to dissemination of the Settlement Class Notice to the Settlement Class.

94. **Deadlines**. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference to "days" in this agreement shall refer to calendar days unless otherwise specified.

95. **Singular and Plurals**. As used in this Agreement, all references to the plural shall also mean the singular and to the singular shall also mean the plural whenever the context so indicates.

96. **Headings**. The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

97. **Construction**. For the purpose of construing or interpreting this Agreement, the Parties agree that this Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

98. **Cooperation of Parties**. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

99. **Obligation to Meet and Confer**. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted in good faith.

100. **No Conflict Intended**. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

101. **Governing Law**. The Agreement shall be construed in accordance with, and be governed by, the laws of the State of Delaware, without regard to the principles thereof regarding choice of law.

102. **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all signatories do not sign the same counterparts. Original signatures are not required. Any signature submitted electronically, by facsimile, or through e-mail of an Adobe PDF shall be deemed an original.

103. **Notices**. All notices to Class Counsel provided for herein, shall be sent by overnight mail and email to:

Kenneth J. Grunfeld, Esq.
**KOPELOWITZ OSTROW P.C.**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone: (954) 525-4100

Raina C. Borrelli
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Tel: (872) 263-1100
Email: raina@straussborrelli.com

All notices to Defendant provided for herein, shall be sent by overnight mail and email to:

Paulyne Gardner
**MULLEN COUGHLIN LLC**
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
(267) 930-2098 – Office
(215) 254-9240 – Mobile
pgardner@mullen.law

The notice recipients and addresses designated above may be changed by written notice.



Doc ID: [illegible]

104. **Authority**. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.



Doc ID: [illegible]

**SIGNATURES**

**SALLY CANNON DUNLOP**

By: Sally Cannon Dunlop Date: 10 / 09 / 2025

**ADAM BUDD**

By: ____________________ Date: ______________

**LINDSAY BEILER**

By: ____________________ Date: ______________

**STRAUSS BORRELLI PLLC**
*Counsel for Plaintiffs and the Class (as to form only)*

By: Raina Borrelli Date: 10 / 09 / 2025
Raina C. Borrelli

**KOPELOWITZ OSTROW P.C.**
*Counsel for Plaintiffs and the Class (as to form only)*

By: ____________________ Date: ______________
Kenneth J. Grunfeld

**BAYHEALTH MEDICAL CENTER, INC.**

By: ____________________ Date: ______________

Name: ____________________

Title: ____________________

**MULLEN COUGHLIN LLC**
*Counsel for Defendant (as to form only)*

By: ____________________ Date: ______________
Paulyne Gardner



Doc ID: [illegible]

**SIGNATURES**

**SALLY CANNON DUNLOP**

By: ____________________________ Date: __________________

**ADAM BUDD**

By: Adam Budd (Sep 30, 2025 17:10:52 EDT) Date: Sep 30, 2025

**LINDSAY BEILER**

By: ____________________________ Date: __________________

**STRAUSS BORRELLI PLLC**
*Counsel for Plaintiffs and the Class (as to form only)*

By: ____________________________ Date: __________________
Raina C. Borrelli

**KOPELOWITZ OSTROW P.C.**
*Counsel for Plaintiffs and the Class (as to form only)*

By: Ken Grunfeld (Sep 30, 2025 17:47:26 EDT) Date: Sep 30, 2025
Kenneth J. Grunfeld

**BAYHEALTH MEDICAL CENTER, INC.**

By: ____________________________ Date: __________________

Name: __________________________

Title: ___________________________

**MULLEN COUGHLIN LLC**
*Counsel for Defendant (as to form only)*

By: ____________________________ Date: __________________
Paulyne Gardner



Doc ID: d0367134590b981e7b2e156396908f8ff3b66595

# SIGNATURES

**SALLY CANNON DUNLOP**

By: ____________________________ Date: __________________

**ADAM BUDD**

By: ____________________________ Date: __________________

**LINDSAY BEILER**

By: ____________________________ Date: 10 / 03 / 2025

**STRAUSS BORRELLI PLLC**
*Counsel for Plaintiffs and the Class (as to form only)*

By: ____________________________ Date: __________________
Raina C. Borrelli

**KOPELOWITZ OSTROW P.C.**
*Counsel for Plaintiffs and the Class (as to form only)*

By: ____________________________ Date: __________________
Kenneth J. Grunfeld

**BAYHEALTH MEDICAL CENTER, INC.**

By: ____________________________ Date: __________________

Name: __________________________

Title: __________________________

**MULLEN COUGHLIN LLC**
*Counsel for Defendant (as to form only)*

By: ____________________________ Date: __________________
Paulyne Gardner



Doc ID: [illegible]

**SIGNATURES**

**SALLY CANNON DUNLOP**

By: ____________________________ Date: __________________

**ADAM BUDD**

By: ____________________________ Date: __________________

**LINDSAY BEILER**

By: ____________________________ Date: __________________

**STRAUSS BORRELLI PLLC**
*Counsel for Plaintiffs and the Class (as to form only)*

By: ____________________________ Date: __________________
Raina C. Borrelli

**KOPELOWITZ OSTROW P.C.**
*Counsel for Plaintiffs and the Class (as to form only)*

By: ____________________________ Date: __________________
Kenneth J. Grunfeld

**BAYHEALTH MEDICAL CENTER, INC.**

By: Gary Siegelman MD Date: 09/30/2025

Name: Gary Siegelman MD

Title: Senior VP, Chief Medical Officer

**MULLEN COUGHLIN LLC**
*Counsel for Defendant (as to form only)*

By: Paulyne Gardner Date: 09/30/2025
Paulyne Gardner



Doc ID: d0367134590b981e7b2e156396908f8ff3b66595

# — EXHIBIT 1 —

Bayhealth Data Incident Action
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

**ELECTRONIC SERVICE REQUESTED**

**LEGAL COURT APPROVED NOTICE**

*Dunlop, et al. v. Bayhealth Medical Center, Inc.*
Case No. 24-0946-GBW

**If You Are a Person Who is Identified on the Settlement Class List, Which Includes All Individuals Residing in the United States Whose Personal Information was Potentially Compromised in the Data Incident Discovered by Bayhealth in July 2024, Including All Those Individuals Who Received Notice of the Data Incident, You Are Eligible to Receive a Settlement Benefit from a Class Action Settlement**

**WWW.WEBSITE.COM**
**(XXX) XXX-XXXX**

<<Refnum Barcode>>

CLASS MEMBER ID: <<Refnum>>

**Postal Service: Please do not mark barcode**

[FIRST NAME] [LAST NAME]
[COMPANY]
[ADDRESS 1]
[ADDRESS 2]
[CITY] [STATE] [ZIP][ZIP4]

A Settlement has been reached in a class action lawsuit ("Action") relating to a Data Incident affecting Defendant which Defendant discovered on or around July 31, 2024, and asserted claims for negligence, negligence per se, breach of implied contract, invasion of privacy, unjust enrichment, breach of fiduciary duty and declaratory judgment. Bayhealth denies the claims and denies any wrongdoing. Bayhealth has not been found liable of anything by any court.

**Bayhealth's records show you are a likely a Settlement Class Member, which consists of a person who is identified on the Settlement Class List prepared by Defendant, which includes all individuals residing in the United States whose Personal Information was potentially compromised in the Data Incident discovered by Bayhealth in July 2024, including all those individuals who received notice of the Data Incident.** The Settlement provides a Settlement Fund that is used to pay: (i) all Notice and Administrative Expenses including Taxes and Tax-Related Expenses; (ii) approved Out-of-Pocket Loss claims; (iii) approved Pro Rata Cash Payments; (iv) Approved Claims for Medical Monitoring Services; (v) Service Award Payment; and (vi) Attorneys' Fee Award and Costs and Litigation Costs and Expenses.

Settlement Class Members under the Settlement Agreement will be eligible to receive one or more of the following Settlement benefits: (a) *Pro Rata* Cash Payment from the Net Settlement Fund, estimated at $60 with the final payment amounts adjusted up or down depending on the number of claims submitted; (b) Reimbursement of Out-of-Pocket Losses for up to $5,000; and (c) Medical Monitoring Services for two (2) years of Medical Monitoring Services. These services include one-bureau credit monitoring; dark web monitoring; real-time inquiry alerts; and $1 million in identity theft insurance, among other features.

**If you are a Settlement Class member and you want to receive any benefits from the Settlement, you must complete and submit a Claim Form along with any required supporting information. For the *Pro Rata* Cash Payment and Medical Monitoring Services, you may use the tear-off Claim Form attached to this Short Form Notice. Claim Forms can be found and completed on this website: www.website.com. The Claims Deadline to submit a Claim Form is [DATE].**

Settlement Class Members may also request exclusion from the Settlement or object to it. Requests for Exclusion must be mailed to the Settlement Administrator with a **postmarked on or before by [DATE].** Settlement Class Members who do not request exclusion can object to the Settlement. Objections must be submitted **postmarked by [DATE].** The Court will hold a Final Approval Hearing on **[DATE], at [TIME] a.m. ET** at United States District Court District of Delaware, Courtroom X, <Court Address>, to consider whether to approve the Settlement. The Court will hear objections, determine if the Settlement is fair, and consider Class Counsel's request for attorneys' Fee Award and Costs not to exceed one-third of the Settlement Fund ($833,333.33), plus reasonable Litigation Costs and Expenses, to be paid from the Settlement Fund, and subject to Court approval and Service Award Payments of up to $5,000 for each of the Class Representatives. You or your own lawyer may ask to appear at the hearing to be heard by the Court, but you do not have to. The motion for attorneys' Fee Award and Costs, and Litigation Costs and Expenses, and Service Award Payments for the Class Representatives, will be posted on **www.website.com** after it is filed with the Court.

The Court has appointed the following Class Counsel to represent the Settlement Class in this Action: Kenneth J. Grunfeld of Kopelowitz Ostrow P.C. and Raina C. Borrelli of Strauss Borrelli PLLC.

***This is only a summary.*** For detailed information or to change your address, visit **www.website.com** or call **(XXX) XXX-XXXX**. You may also contact the Settlement Administrator, at **Bayhealth Data Incident Action, P.O. Box XXXX, New York, NY 10150-XXXX.**

**Visit www.WEBSITE.com or call (XXX) XXX-XXXX**

Postage Required

Bayhealth Data Incident Action
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

<<Barcode>>

Class Member ID: <<Refnum>>

VISIT THE SETTLEMENT WEBSITE BY SCANNING THE PROVIDED QR CODE

## POSTCARD CLAIM FORM

To submit a claim, please complete the below form, sign, and mail this portion of the postcard to the Settlement Administrator by **postmarked no later than [DATE].** Please complete the claim form for each category of benefits that you would like to claim. You may either claim *Pro Rata* Cash Payment and/or Medical Monitoring Services. *Note*: Claims for reimbursement of Out-of-Pocket Losses require supporting documentation and therefore must be submitted online at **www.website.com** or mailed to the Settlement Administrator with a separate Claim Form.

Class Member ID: <<refnum>>
<<firstname>> <<lastname>>
<<Company>>
<<address1>> <<address2>>
<<City>>, <<State>> <<Zip>>

If different than the preprinted data on the left, please print your correct information:

First Name ____________ MI ___ Last Name ____________

Address ____________________________

City ____________ State ___ ___ ZipCode ___ ___ ___ ___ ___

**Email Address (required for Medical Monitoring Services):** ______________________@______________

**Medical Monitoring Services**

☐ Yes, I want to sign up to receive two (2) years Medical Monitoring Services (must provide email address above).

***Pro Rata* Cash Payment of $60**

☐ Yes, I elect to receive the *Pro Rata* Cash Payment estimated at $60, with the final payment amounts adjusted up or down depending on the number of Approved Claims submitted.

**SIGN AND DATE YOUR CLAIM FORM**

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

Signature:______________________ Print Name:______________________ Date (mm/dd/yy): _____/_____/_____

**DEADLINE TO RETURN [DATE]**

# — EXHIBIT 2 —

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**United States District Court for the District of Delaware**

***Dunlop, et al. v. Bayhealth Medical Center, Inc.***
**Case No. 24-0946-GBW**

**A Court has authorized this Long Form Notice ("Notice"). This is not a solicitation from a lawyer.**

---

**If You Are a Person Who is Identified on the Settlement Class List, Which Includes All Individuals Residing in the United States Whose Personal Information was Potentially Compromised in the Data Incident Discovered by Bayhealth in July 2024, Including All Those Individuals Who Received Notice of the Data Incident, You Are Eligible to Receive a Settlement Benefit from a Class Action Settlement**

---

- A Court authorized this Notice, to those that are eligible to receive Settlement benefits from a proposed class action Settlement. The Action is titled *Dunlop, et al. v. Bayhealth Medical Center, Inc.,* Case No. 24-0946-GBW and is pending in the United States District Court for the District of Delaware. The people that filed the class action lawsuit are called Plaintiffs or Class Representatives and the company they sued is Bayhealth Medical Center, Inc. (Defendant or Bayhealth). Bayhealth denies any wrongdoing whatsoever.
- **Who is a Settlement Class Member?**

  > The persons who are identified on the Settlement Class List prepared by Defendant, which includes all individuals residing in the United States whose Personal Information was potentially compromised in the Data Incident discovered by Bayhealth in July 2024, including all those individuals who received notice of the Data Incident.

  Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.
- Settlement Class Members under the Settlement Agreement will be eligible to receive <u>one or more</u> of the following Settlement benefits:
  - ❖ ***Pro Rata* Cash Payment:** All Settlement Class Members may submit a claim for a *Pro Rata* Cash Payment from the Net Settlement Fund, **estimated at $60**, with the final payment amounts adjusted up or down depending on the number of Approved Claims submitted, by submitting a Claim Form to the Settlement Administrator no later than the Claims Deadline;
  - ❖ **Reimbursement for Out-of-Pocket Losses:** In addition to the *Pro Rata* Cash Payment, all Settlement Class Members may submit a claim for Out-of-Pocket Losses. All Settlement Class Members may submit a claim for **up to $5,000** for reimbursement of Out-of-Pocket Losses.

**IN ADDITION TO A SETTLEMENT PAYMENT, ALL SETTLEMENT CLASS MEMBERS MAY ALSO SUBMIT A CLAIM FOR THE FOLLOWING:**

- **Medical Monitoring Services:** All Settlement Class Members are eligible to enroll in **two (2) years of Medical Monitoring Services**.

In the event that funds remaining in the Net Settlement Fund after the payment for Approved Claims for Out-of-Pocket Losses and Medical Monitoring Services are not sufficient to make payment for the full amount of the Approved Claims for *Pro Rata* Cash Payments (i.e., $60 per Approved Claim), then the value of the Approved Claims for *Pro Rata* Cash Payments shall be reduced on a *pro rata* basis, such that the aggregate value of all payments for Approved Claims does not exceed the Net Settlement Fund. The *Pro Rata* Cash Payment amount may also be increased based on the amount of the Net Settlement Fund and the number of Approved Claims submitted. To ensure that the maximum amount of the Net Settlement Fund is distributed, following the payment of Approved Claims for Out-of-Pocket Losses and Approved Claims for Medical Monitoring Services, the amount remaining in the Net Settlement Fund shall be divided by the number of Settlement Class Members who submit Approved Claims for *Pro Rata* Cash Payments and allocated on a *pro rata* basis to all Settlement Class Members who submitted Approved Claims for *Pro Rata* Cash Payments

- To obtain more information visit **www.website.com** or call **(XXX) XXX-XXXX.**

**Please read this Notice carefully. Your legal rights will be affected, and you have a choice to make at this time.**

| | Summary of Legal Rights | Deadline(s) |
|---|---|---|
| **Submit a Claim Form** | The only way to receive a Settlement benefit from the Settlement. | Submitted or postmarked on or before **<<Claims Deadline>>.** |
| **Exclude Yourself by Opting Out of the Settlement Class** | Receive no benefit from the Settlement. This is the only option that allows you to keep your right to bring any other lawsuit against Bayhealth relating to the Data Incident. | Mailed and postmarked on or before **<<Opt-Out Deadline>>.** |
| **Object to the Settlement and/or Attend the Final Approval Hearing** | You can write the Court about why you agree or disagree with the Settlement or the Fee Award and Costs. The Court cannot order a different settlement. You can also ask to speak at the Final Approval Hearing on **<<Final Approval Hearing date>> at [TIME] ET,** about the fairness of the Settlement, with or without your own attorney. | Mailed and postmarked on or before **<<Objection Deadline>>.** |

| | | |
|---|---|---|
| **Do Nothing** | You will not receive any Settlement benefit from this class action Settlement, but will remain a Settlement Class Member and be bound by the releases. | N/A |

- Your rights and options as a Settlement Class Member – **and the deadlines to exercise your rights** – are explained in this Notice.
- The Court still will have to decide whether to approve the Settlement. Settlement benefits will be made available only if the Court approves the Settlement and after any possible appeals are resolved.

**What This Notice Contains**

**Basic Information** ........ 4

**Who is in the Settlement** ........ 4

**The Settlement benefits—What You Get if You Qualify** ........ 5

**How Do You Submit a Claim** ........ 7

**Excluding Yourself from the Settlement** ........ 8

**Objecting to the Settlement** ........ 8

**The Lawyers Representing You** ........ 9

**The Court's Final Approval Hearing** ........ 10

**If You Do Nothing** ........ 10

**Additional Information** ........ 11

## BASIC INFORMATION

### 1. Why is there a Notice?

The Court authorized this Notice because you have a right to know about the Settlement, and all of your options, before the Court decides whether to give Final Approval to the Settlement. This Notice explains the nature of the Action that is the subject of the Settlement, the general terms of the Settlement, and your legal rights and options.

Judge Gregory B. Williams of the United States District Court for the District of Delaware is overseeing this case captioned as *Dunlop, et al. v. Bayhealth Medical Center, Inc.,* Case No. 24-0946-GBW. The people who brought the lawsuit are called the Class Representatives. The company being sued, Bayhealth Medical Center, Inc., is called the Defendant.

### 2. What is the Action about?

Plaintiffs have filed a Complaint against Defendant in the District Court of Delaware relating to a Data Incident affecting Defendant which Defendant discovered on or around July 31, 2024, and asserted claims for negligence, negligence per se, breach of implied contract, invasion of privacy, unjust enrichment, breach of fiduciary duty and declaratory judgment.

Bayhealth denies any wrongdoing whatsoever. No court or other judicial body has made any judgment or other determination that Bayhealth has done anything wrong.

### 3. Why is this a class action?

In a class action, one or more people called “Class Representatives” or “Plaintiffs” sue on behalf of all people who have similar claims. Together, all of these people are called a “Settlement Class,” and the individuals are called “Settlement Class Members.” One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

### 4. Why is there a Settlement?

The Court has not decided in favor of the Class Representatives or Bayhealth. Instead, both sides agreed to the Settlement. The Settlement avoids the cost and risk of a trial and related appeals, while providing benefits to Settlement Class Members. The Class Representatives appointed to represent the Settlement Class, and the attorneys for the Settlement Class, Class Counsel, think the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT?

### 5. How do I know if I am part of the Settlement?

You are affected by the Settlement and potentially a Settlement Class Member if you are a person who is identified on the Settlement Class List prepared by Defendant, which includes all individuals residing in the United States whose Personal Information was potentially compromised in the Data Incident discovered by Bayhealth in July 2024, including all those individuals who received notice of the Data Incident.

Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

**6. What if I am not sure whether I am included in the Settlement?**

If you are not sure whether you are included in the Settlement, you may call **(XXX) XXX-XXXX** with questions. You may also write with questions to:

Bayhealth Data Incident Action
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

**THE SETTLEMENT BENEFITS–WHAT YOU GET IF YOU QUALIFY**

**7. What does the Settlement provide?**

The Settlement provides for a Settlement Fund that is used to pay: (i) all Notice and Administrative Expenses including Taxes and Tax-Related Expenses; (ii) approved Out-of-Pocket Loss claims; (iii) approved *Pro Rata* Cash Payments; (iv) Approved Claims for Medical Monitoring Services; (v) Service Award Payment; and (vi) Attorneys' Fee Award and Costs and Litigation Costs and Expenses.

**8. What Settlement benefits are available under the Settlement?**

Settlement Class Members that submit a valid and timely Claim Form may select one or more of the following Settlement benefits:

a) ***Pro Rata* Cash Payment*:*** All Settlement Class Members may submit a claim for a *Pro Rata* Cash Payment from the Net Settlement Fund, estimated at $60, with the final payment amounts adjusted up or down depending on the number of claims submitted, by submitting a Claim Form to the Settlement Administrator no later than the Claims Deadline;

- Documentation or additional information is not necessary to claim a *Pro Rata* Cash Payment.

- In the event that funds remaining in the Net Settlement Fund after the payment for Approved Claims for Out-of-Pocket Losses and Medical Monitoring Services are not sufficient to make payment for the full amount of the Approved Claims for *Pro Rata* Cash Payments (i.e., $60 per Approved Claim), then the value of the Approved Claims for *Pro Rata* Cash Payments shall be reduced on a *pro rata* basis, such that the aggregate value of all payments for Approved Claims does not exceed the Net Settlement Fund. The *Pro Rata* Cash Payment amount may also be increased based on the amount of the Net Settlement Fund and the number of Approved Claims submitted. To ensure that the maximum amount of the Net Settlement Fund is distributed, following the payment of Approved Claims for Out-of-Pocket Losses and Approved Claims for Medical Monitoring Services, the amount remaining in the Net Settlement Fund shall be divided by the number of Settlement Class Members who submit Approved Claims for *Pro Rata*

Cash Payments and allocated on a *pro rata* basis to all Settlement Class Members who submitted Approved Claims for *Pro Rata* Cash Payments.

*b)* **Reimbursement for Out-of-Pocket Losses*:*** In addition to the *Pro Rata* Cash Payment, all Settlement Class Members may submit a claim for Out-of-Pocket Losses. All Settlement Class Members may submit a claim for up to $5,000 for reimbursement of Out-of-Pocket Losses.

- *"Out-of-Pocket Losses"* are unreimbursed costs or expenditures incurred by a Settlement Class Member that are fairly traceable to the Data Incident including, without limitation, the following: (i) unreimbursed costs, expenses, losses or charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of class member's Personal Information; (ii) costs incurred on or after July 31, 2024, associated with purchasing or extending additional credit monitoring or identity theft protection services and/or accessing or freezing/unfreezing credit reports with any credit reporting agency; and (iii) other miscellaneous expenses incurred related to any Out-of-Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

- Settlement Class Members who elect to submit a claim for Reimbursement of Out-of-Pocket Losses must provide to the Settlement Administrator the information required to evaluate the claim, including: (1) the Settlement Class Member's name and current address; (2) documentation supporting their claim; (3) a brief description of the documentation describing the nature of the loss, if the nature of the loss is not apparent from the documentation alone; and (4) whether the Settlement Class Member has been reimbursed for the loss by another source.

- Documentation supporting Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Settlement Class Member that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

- Settlement Class Members shall not be reimbursed for Out-of-Pocket Losses if they have already been reimbursed for the same Out-of-Pocket Losses by another source. A claim for reimbursement for Out-of-Pocket Losses may be combined with a claim for a *Pro Rata* Cash Payment and Medical Monitoring Services but in no circumstance will a Settlement Class Member be eligible to receive more than the $5,000 cap.

In the event that the funds remaining in the Net Settlement Fund are not sufficient to make payment for those Approved Claims for Out-of-Pocket Losses, then the value of the payments for Approved Claims for Out-of-Pocket Losses shall be reduced on a *pro rata* basis, such that the aggregate value of all payments for Approved Claims for Out-of-Pocket Losses does not exceed the Net Settlement Fund. In such an event, no Net Settlement Funds will be distributed for Approved Claims for *Pro Rata* Cash Payments.

**IN ADDITION TO A SETTLEMENT PAYMENT, SETTLEMENT CLASS MEMBERS MAY ALSO SUBMIT A CLAIM FOR:**

c) **Medical Monitoring Services*:*** All Settlement Class Members that submit an Approved Claim Form are eligible to enroll in two (2) years of Medical Monitoring Services. These services include one-bureau credit monitoring; dark web monitoring; real-time inquiry alerts; and $1 million in identity theft insurance, among other features.

- The Settlement Administrator will send an activation code to each valid Medical Monitoring Services claimant. Codes will be active for 180 days after the date of mailing, and may be used to activate the full term if used at any time during that 180-day period. Medical Monitoring expenses, the administration of which will be undertaken by the Settlement Administrator and overseen by Class Counsel, will be paid for from the Settlement Fund.

In the event that the funds remaining in the Net Settlement Fund are not sufficient to make payment for those Approved Claims for Medical Monitoring Services, then the duration of the Medical Monitoring Services shall be reduced to one (1) year.

**HOW DO YOU SUBMIT A CLAIM?**

**9. How do I get a Settlement benefit?**

To receive a Settlement benefit, you must complete and submit a Claim Form online at www.website.com or by mail to Bayhealth Data Incident Action, c/o Kroll Settlement Administration LLC, P.O. Box XXXX, New York, NY 10150-XXXX. Read the Claim Form instructions carefully, fill out the Claim Form, provide the required documentation, and submit online by **<<Claims Deadline>>** or by mail **postmarked by <<Claims Deadline>>**.

**TO RECEIVE AN ELECTRONIC OR ACH PAYMENT FOR YOUR APPROVED CLAIM, YOU MUST FILE A CLAIM FORM ONLINE AT WWW.WEBSITE.COM**

**10. When will I get my Settlement benefit?**

The Court will hold a Final Approval Hearing on **<<Date>>, at <<Time>> a.m. ET** to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals from that decision and resolving them can take time. It also takes time for all of the Claim Forms to be processed. Please be patient. Settlement benefits will begin after the Settlement has obtained Court approval and the time for all appeals has expired.

**11. What am I giving up as part of the Settlement?**

Bayhealth and its affiliates will receive a release from all claims that could have been or that were brought against Bayhealth relating to the Data Incident. Thus, if the Settlement becomes final and you do not exclude yourself from the Settlement, you will be a Settlement Class Member and you will give up your right to sue Bayhealth, and each and every of its respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of its past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, agents and/or third-party administrators thereof, subrogees and assigns of any of the foregoing, as well as clients of Defendant and each and every of their respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees,

stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees and assigns of any of the foregoing, in its capacity as such and assigns of each of them as well as covered entities associated with the Data Incident. These releases are described in Section XII of the Settlement Agreement, which is available at **www.website.com.** If you have any questions, you can talk to Class Counsel listed in **Question 17** for free or you can talk to your own lawyer.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of the Settlement, then you must take steps to exclude yourself from the Settlement Class. This is sometimes referred to as "opting out" of the Settlement Class.

### 12. If I exclude myself, can I get a Settlement benefit from this Settlement?

No. If you exclude yourself, you will not be entitled to receive any benefits from the Settlement.

### 13. If I do not exclude myself, can I sue the Released Parties for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Bayhealth and any other Released Parties for any claim that could have been or was brought relating to the Data Incident. You must exclude yourself from the Settlement to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case.

### 14. How do I exclude myself from the Settlement?

To exclude yourself, send a Request for Exclusion or written notice of intent to opt-out that says you want to be excluded from the Settlement. The Request for Exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication. Any Settlement Class Member who does not timely and validly submit a Request for Exclusion will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement. You must mail your Request for Exclusion to the Settlement Administrator **postmarked by <<Opt-Out Deadline>>**, to:

Bayhealth Data Incident Action
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

## OBJECTING TO THE SETTLEMENT

### 15. How do I tell the Court that I do not like the Settlement?

You can tell the Court that you do not agree with the Settlement, and/or Fee Award and Costs or some part of it by objecting to the Settlement. Objections must be sent by U.S. Mail to the Settlement Administrator at the address listed below, **postmarked by no later than << Objection Deadline>>.**

Bayhealth Data Incident Action

c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

The written objection include:

i) the name of the proceedings;
ii) the Settlement Class Member's full name, current mailing address, and telephone number;
iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection;
iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;
v) the identity of any attorneys representing the objector;
vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing;
vii) a list of all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection to a class action settlement; and
viii) the signature (or electronic equivalent) of the Settlement Class Member or the Settlement Class Member's attorney.

Any Settlement Class Member who does not file a timely and adequate objection in accordance with this Paragraph waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement.

**16. What is the difference between objecting and asking to be excluded?**

Objecting is telling the Court that you do not like the Settlement or parts of it and why you do not think it should be approved. You can object only if you are a Settlement Class Member. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and do not want to receive any benefit from the Settlement.

## THE LAWYERS REPRESENTING YOU

**17. Do I have a lawyer in this case?**

Yes. The Court appointed Kenneth J. Grunfeld of Kopelowitz Ostrow P.C. and Raina C. Borrelli of Strauss Borrelli PLLC, as Class Counsel to represent the Settlement Class in Settlement negotiations. If you want to be represented by your own lawyer, you may hire one at your own expense.

**18. How will the Class Counsel be paid?**

Class Counsel will file a motion for an award of attorneys' fees not to exceed one-third of the Settlement Fund ($833,333.33), plus reasonable Litigation Costs and Expenses, to be paid from the Settlement Fund, and subject to Court approval. Any such award would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement and will be the only payment to them for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.

Class Counsel will file a motion seeking a Service Award Payment not to exceed $5,000 for each of

the Class Representatives, for a total of $15,000, in recognition of their contributions to this Action, subject to Court approval. The Service Award Payments approved by the Court shall be paid by the Settlement Administrator out of the Settlement Fund directly to the Class Representatives.

Any attorneys' Fee Award and Costs, Litigation Costs and Expenses and Service Award Payments must be approved by the Court. The Court may award less than the amounts requested.

## THE COURT'S FINAL APPROVAL HEARING

### 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing on **<<Date>> at <<Time>> ET**, at the <<Court Address>>, Room ___ as ordered by the Court. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely and valid objections, the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made. The Court will also rule on the Fee Award and Costs and Service Award Payments. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The hearing may be moved to a different date or time without additional notice, so Class Counsel recommends checking the Settlement Website **www.website.com**, or calling **(XXX) XXX-XXXX**.

### 20. Do I have to attend the hearing?

No. Class Counsel will present the Settlement Class to the Court. You or your own lawyer are welcome to attend at your expense, but you are not required to do so. If you send an objection, you do not have to visit the Court to talk about it. As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in **Question 15**, the Court will consider it.

### 21. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must file an objection according to the instructions in **Question 15**, including all the information required. Your objection must be **mailed** to the Settlement Administrator, at the mailing address listed above, **postmarked by no later than <<Objection Deadline>>**.

## IF YOU DO NOTHING

### 22. What happens if I do nothing?

If you do nothing, you will not receive any Settlement benefits from this Settlement. If the Settlement is granted final approval and becomes final, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Bayhealth or the other Released Parties based on any claim that could have been or that was brought relating to the Data Incident.

## ADDITIONAL INFORMATION

### 23. How do I get more information?

This Notice summarizes the Settlement. More details are in the Settlement Agreement itself. A copy of the Settlement Agreement is available at **www.website.com**.You may also call the Settlement Administrator with questions or to receive a Claim Form at **(XXX) XXX-XXXX**.

### 24. What if my contact information changes or I no longer live at my address?

It is your responsibility to inform the Settlement Administrator of your updated information. You may do so at the address below, calling toll-free **(XXX) XXX-XXXX** or at the Contact page of the Settlement Website:

Bayhealth Data Incident Action
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

**PLEASE DO NOT CONTACT THE COURT, CLERK OF THE COURT OR CLASS COUNSEL FOR INFORMATION ABOUT THE CLASS ACTION SETTLEMENT**

# — EXHIBIT 3 —

*0000000000000*
0 0 0 0 0 0 0 0 0 0 0 0 0

| | | |
|---|---|---|
| **Your claim must be submitted online or <u>postmarked by</u>: <<Claims Deadline>>** | **<u>CLAIM FORM FOR BAYHEALTH DATA INCIDENT ACTION</u>**<br><br>*Dunlop, et al. v. Bayhealth Medical Center, Inc.*<br>Case No. 24-0946-GBW<br>United States District Court for the District of Delaware | **BAYHEALTH-C** |

## GENERAL INSTRUCTIONS

You are a Settlement Class Member if you are a person who is identified on the Settlement Class List prepared by Defendant, which includes all individuals residing in the United States whose Personal Information was potentially compromised in the Data Incident discovered by Bayhealth in July 2024, including all those individuals who received notice of the Data Incident. You may submit a claim for a Settlement benefit, outlined below.

Please refer to the Long Form Notice posted on the Settlement Website **www.Website.com**, for more information on submitting a Claim Form and if you part of the Settlement Class.

**<u>To receive a Settlement benefit from this Settlement via an electronic payment, you must submit the Claim Form below electronically at www.Website.com by <<Claims Deadline>>.</u>**

This Claim Form may also be mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

Bayhealth Data Incident Action
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

- Settlement Class Members under the Settlement Agreement will be eligible to receive <u>one or more</u> of the following Settlement benefits:
  - ❖ ***Pro Rata* Cash Payment:** All Settlement Class Members may submit a claim for a *Pro Rata* Cash Payment from the Net Settlement Fund, **estimated at $60**, with the final payment amounts adjusted up or down depending on the number of Approved Claims submitted, by submitting a Claim Form to the Settlement Administrator no later than the Claims Deadline;
  - ❖ **Reimbursement for Out-of-Pocket Losses:** In addition to the *Pro Rata* Cash Payment, all Settlement Class Members may submit a claim for Out-of-Pocket Losses. All Settlement Class Members may submit a claim for **up to $5,000** for reimbursement of Out-of-Pocket Losses.

**IN ADDITION TO A SETTLEMENT PAYMENT, ALL SETTLEMENT CLASS MEMBERS MAY ALSO SUBMIT A CLAIM FOR THE FOLLOWING:**

**Medical Monitoring Services:** All Settlement Class Members are eligible to enroll in **two (2) years of Medical Monitoring Services**. These services include one-bureau credit monitoring; dark web monitoring; real-time inquiry alerts; and $1 million in identity theft insurance, among other features.

*0000000000000*

0 0 0 0 0 0 0 0 0 0 0 0 0

## I. PAYMENT SELECTION

If you would like to elect to receive your Settlement benefit through electronic transfer, please visit the Settlement Website and timely file your Claim Form. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

## II. SETTLEMENT CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

______________________________ ______________________________

**First Name** **Last Name**

________________________________________________________

**Address 1**

________________________________________________________

**Address 2**

________________________________________ ___ ___ ___ ___ ___ ___ ___

**City** **State** **Zip Code**

**Email Address:** ______________________________@____________________

## III. PROOF OF DATA INCIDENT SETTLEMENT CLASS MEMBERSHIP

☐ Check this box to certify if you are a person who is identified on the Settlement Class List prepared by Defendant, which includes all individuals residing in the United States whose Personal Information was potentially compromised in the Data Incident discovered by Bayhealth in July 2024, including all those individuals who received notice of the Data Incident.

Enter the Class Member ID Number provided on your Short Form Notice:

**Class Member ID: 0 0 0 0 0 ___ ___ ___ ___ ___ ___ ___ ___**

## IV. *PRO RATA* CASH PAYMENT

All Settlement Class Members may submit a claim for a *Pro Rata* Cash Payment from the Net Settlement Fund, estimated at $60, with the final payment amounts adjusted up or down depending on the number of Approved Claims submitted.

☐ **Yes, I choose an estimated $60 *Pro Rata* Cash Payment**.

In the event that funds remaining in the Net Settlement Fund after the payment for Approved Claims for Out-of-Pocket Losses and Medical Monitoring Services are not sufficient to make payment for the full amount of the Approved Claims for *Pro Rata* Cash Payments (i.e., $60 per Approved Claim), then the value of the Approved Claims for *Pro Rata* Cash Payments shall be reduced on a pro rata basis, such that the aggregate value of all payments for Approved Claims does not exceed the Net Settlement Fund. The *Pro Rata* Cash Payment amount may also be increased based on the amount of the Net Settlement Fund and the number of Approved Claims submitted. To ensure that the maximum amount of the Net Settlement Fund is distributed, following the payment of Approved Claims for Out-of-Pocket Losses and Approved Claims for Medical Monitoring Services, the amount remaining in the Net Settlement Fund shall be divided by the number of Settlement Class Members who submit Approved Claims for *Pro Rata* Cash Payments and allocated on a *pro rata* basis to all Settlement Class Members who submitted Approved Claims for *Pro Rata* Cash Payments.

## V. REIMBURSEMENT FOR OUT-OF-POCKET LOSSES

In addition to the *Pro Rata* Cash Payment, all Settlement Class Members may submit a claim for Out-of-Pocket Losses. All Settlement Class Members may submit a claim for up to $5,000 for reimbursement of Out-of-Pocket Losses.

- "Out-of-Pocket Losses" are unreimbursed costs or expenditures incurred by a Settlement Class Member that are fairly traceable to the Data Incident including, without limitation, the following: (i) unreimbursed costs, expenses, losses or charges incurred as a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of class member's Personal Information; (ii) costs incurred on or after July 31, 2024, associated with purchasing or extending additional credit monitoring or identity theft protection services and/or accessing or freezing/unfreezing credit reports with any credit reporting agency; and (iii) other miscellaneous expenses incurred related to any Out-of-Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

- Documentation supporting Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Settlement Class Member that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

**You must have Out-of-Pocket Losses incurred as a result of the Data Incident and submit documentation to obtain this benefit.**

☐ I have attached documentation showing that the documented losses were more likely than not caused by the Data Incident. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.

| **Cost Type** (Fill all that apply) | **Approximate Date of Out-of-Pocket Losses** | **Amount of Out-of-Pocket Losses** | **Description of Supporting Reasonable Documentation** (Identify what you are attaching and why) |
|---|---|---|---|
| Example: Identity Theft Protection Service | 0 7/17/2 0 (mm/dd/yy) | $50.00 | Copy of identity theft protection service bill |

*0000000000000*
0 0 0 0 0 0 0 0 0 0 0 0 0

| **Cost Type** (Fill all that apply) | **Approximate Date of Out-of-Pocket Losses** | **Amount of Out-of-Pocket Losses** | **Description of Supporting Reasonable Documentation** (Identify what you are attaching and why) |
|---|---|---|---|
| | ___/___ ___/___ ___ (mm/dd/yy) | $_____________.________ | |
| | __ ___/___ ___/___ ___ (mm/dd/yy) | $______________.________ | |
| | __ ___/___ ___/___ ___ (mm/dd/yy) | $______________.________ | |

**IN ADDITION TO A CASH PAYMENT, SETTLEMENT CLASS MEMBERS MAY ALSO SUBMIT A CLAIM TO RECEIVE MEDICAL DATA MONITORING**

## VI. MEDICAL MONITORING SERVICES

All Settlement Class Members that submit an approved Claim Form are eligible to enroll in two (2) years of Medical Monitoring Services.

☐ **Two (2) years of Medical Monitoring Services.**

These services include one-bureau credit monitoring; dark web monitoring; real-time inquiry alerts; and $1 million in identity theft insurance, among other features.

## VII. ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_______________________________________________ ____ ____ / ____ ____ / ____ ____ ____ ____
Signature Date

_______________________________________________
Print Name

# — EXHIBIT 4 —

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

**SALLY CANNON DUNLOP**, **ADAM BUDD**, and **LINDSAY BEILER**, *on behalf of themselves and all others similarly situated,*

Plaintiffs,

v.

**BAYHEALTH MEDICAL CENTER, INC.**,

Defendant.

No. 1:24-cv-0946 GBW

**[PROPOSED]**
**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVISIONALLY CERTIFYING SETTLEMENT CLASS**

**THIS CAUSE** comes before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement with Incorporated Memorandum of Law ("Motion"), filed October 2, 2025.[1] Plaintiffs' unopposed Motion requests entry of an order (a) granting Preliminary Approval of the Settlement; (b) provisionally certifying the Settlement Class for settlement purposes; (c) appointing Plaintiffs as Class Representatives; (d) appointing Kenneth J. Grunfeld of Kopelowitz Ostrow Ferguson Weiselberg Gilbert and Raina C. Borrelli of Strauss Borrelli PLLC as Class Counsel for the Settlement Class; (e) approving the forms of Notice and the Notice program; (f) approving the Claim Form and the Claim process; (g) appointing the Settlement Administrator; (h) establishing procedures for members of the Settlement Class to opt-out of or object to the Settlement; and (i) scheduling a Final Approval Hearing on whether to grant Final

[1] All capitalized terms used herein have the same meanings as those defined in Section II of the Settlement Agreement ("SA"), attached to the Motion as ***Exhibit 1***.

Approval of the Settlement and Class Counsel's Motion for Fee Award and Costs and Class Representative Service Awards.

Having carefully reviewed the proposed Settlement and its exhibits, all relevant filings, and the record, the Court finds that the proposed Settlement satisfies the criteria for Preliminary Approval, the proposed Settlement Class should be preliminarily certified, the proposed Notice program and Claim process should be approved, and Class Representatives, Class Counsel, and the Settlement Administrator should be appointed. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED** as set forth herein.

**Background**

This Action arises from a July 2024 Data Breach involving Defendant's systems that potentially affected the Personal Information of approximately 496,261 individuals, including Plaintiffs and the Settlement Class. In their operative second amended complaint, Plaintiffs assert claims against Defendant for negligence, negligence *per se*, breach of implied contract, invasion of privacy, unjust enrichment, breach of fiduciary duty and declaratory judgment. Shortly after Defendant moved to dismiss the second amended complaint, the parties began discussing a potential resolution of the action through mediation and requested a stay of proceedings, which the Court granted on January 22, 2025. Mediation was then scheduled with experienced data breach mediator Bennett G. Picker, Esq.

Prior to the mediation, Plaintiffs requested and Defendant responded to informal discovery pertaining to the class size, types of Personal Information impacted in the Data Breach, and damages suffered by the Settlement Class. Plaintiffs also prepared and produced a mediation statement outlining their positions. *Id*. The parties attended the full-day mediation on May 1, 2025, but did not reach an agreement at that time. Nonetheless, they continued to negotiate over the

following weeks, ultimately reaching a settlement in principle. The parties then worked to draft, negotiate, and finalize the Settlement Agreement, Notices, and Claim Form accompanying the Motion. The Agreement was executed on ____, 2025.

Pursuant to the Agreement, Defendant will establish a non-reversionary, $2,500,000.00 Settlement Fund to settle the Action, which will be used to pay (a) Settlement Class Members' Approved Claims for Cash Payments (Pro Rata Cash Payment and/or Out-of-Pocket Losses); (b) Settlement Class Members' Approved Claims for Medical Monitoring Services; (3) Notice and Administrative Expenses; (4) any Fee Award and Costs awarded by the Court to Class Counsel; and (4) any Service Award Payments to Class Representatives approved by the Court. Additionally, Defendant has confirmed that certain changes to its security-related measures have been implemented on or before, and up to, the date of the Preliminary Approval Order, with the costs associated with these security-related measures to be paid by Defendant separate and apart from the Settlement Fund.

Plaintiffs now seek Preliminary Approval of the Settlement on behalf of the proposed Settlement Class. Defendant does not oppose the Motion and agrees that the Court should grant Preliminary Approval and allow Notice to issue to the Settlement Class. As further discussed below, the Settlement falls within the range of judicial approval and includes a comprehensive Notice program and Claim process. As such, the proposed Settlement satisfies the criteria for Preliminary Approval, the proposed Settlement Class should be preliminarily certified, and the proposed Notice program, Notices, Claim process, and Claim Forms should be approved.

**Preliminary Certification of the Settlement Class**

1. The Court provisionally and preliminarily certifies the following Settlement Class for Settlement purposes only, finding the Court is likely to finally certify it at Final Approval:

> The persons who are identified on the Settlement Class List, which includes all individuals residing in the United States whose Personal Information was potentially compromised in the Data Breach discovered by Bayhealth in July 2024, including all those individuals who received notice of the Data Breach.

Excluded from the Settlement Class are (1) the judges presiding over this Action, and members of their direct families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

2. The Court determines that for Settlement purposes the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; there are common issues of law and fact; the claims of the proposed Class Representatives are typical of absent members of the Settlement Class; the Class Representatives will fairly and adequately protect the interests of the Settlement Class, as they have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent Class Counsel to prosecute the Action; common issues predominate over any individual issues; and a class action is the superior means of adjudicating the controversy. Class Counsel is also adequate.

3. Sally Cannon Dunlop, Adam Budd, and Lindsay Beiler are designated and appointed as the Class Representatives.

4. The Court finds that Kenneth J. Grunfeld and Raina C. Borrelli are experienced attorneys and will adequately protect the interests of the Settlement Class, and appoints them as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

**Preliminary Approval of the Proposed Settlement**

5. Upon preliminary review, pursuant to Federal Rule of Civil Procedure 23(e)(2) and applying the factors of *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), the Court finds the

proposed Settlement is likely to be approved as fair, reasonable, and adequate at the Final Approval Hearing, otherwise meets the criteria for Preliminary Approval, and warrants issuance of Notice to the Settlement Class. Accordingly, the proposed Settlement is preliminarily approved.

**Final Approval Hearing**

6. A Final Approval Hearing shall take place before the Court on ________, at _____ to determine, among other things, whether (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement's terms, all claims against Defendant in the Action should be dismissed with prejudice; (c) Settlement Class Members should be bound by the Releases set forth in the Settlement; (d) the proposed Final Approval Order and final judgment should be entered; and (e) the Motion for Class Counsel's Fee Award and Costs and Service Award Payments should be granted. Any other matter the Court deems necessary and appropriate will also be addressed at the Final Approval Hearing.

7. Class Counsel intends to seek an award of attorneys' fees equal to one-third of the Settlement Fund ($833,333.33), plus reasonable litigation costs and expenses, to be paid from the Settlement Fund and subject to Court approval. Service Award Payments of up to $5,000.00 each will also be sought for the Class Representatives. These amounts appear reasonable, but the Court will defer ruling on those awards until the Final Approval Hearing when considering the Motion for Attorneys' Fees, Costs, and Service Awards.

8. Class Counsel shall file the Motions for Final Approval and for Attorneys' Fees, Costs, and Service Awards no later than 60 days after the date of this Preliminary Approval Order.

9. Any Settlement Class Member that has not timely and properly opted out from the Settlement in the manner described below may appear at the Final Approval Hearing in person or

by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement and the Motion for Attorneys' Fees, Costs, and Service Awards; provided, however, no member of the Settlement Class that has elected to opt out of the Settlement shall be entitled to object or otherwise appear, and no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

**Settlement Administration**

10. Kroll Settlement Administration LLC is appointed as the Settlement Administrator, with responsibility for implementing and completing the Notice program, overseeing the Claim process, and performing all other acts necessary for Settlement Administration. All reasonable Notice and Settlement Administration Expenses will be paid from the Settlement Fund, as provided in the Settlement.

**Notice to the Settlement Class**

11. The Notice Program and forms of Notice, including the Email Notice, Postcard Notice, Long Form Notice, Settlement Website, and toll-free Settlement phone number, along with the Claim Form, attached as exhibits to the Agreement, are approved. Non-material modifications to the Notices and Claim Form may be made by written agreement of the Parties without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program and to perform all other tasks the Settlement requires.

12. The Court finds that the form, content, and method of the Notices (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and

constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Montana Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by members of the Settlement Class.

**<u>Opting-Out of the Settlement Class</u>**

13. Members of the Settlement Class may opt-out of the Settlement Class at any time prior to the Opt-Out Deadline (60 days after Notice is transmitted) by mailing a request to opt-out to the Settlement Administrator postmarked no later than the last day of the Opt-Out Deadline. The opt-out request must be personally signed by the Settlement Class Member and contain the requestor's name, address, telephone number, and email address (if any), and include a statement indicating a request to be excluded from the Settlement Class. Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by the terms of this Agreement, including the Releases and Released Claims, even if that Settlement Class Member does not submit an Approved Claim.

14. Any member of the Settlement Class who timely and validly opts-out from the Settlement Class shall, provided the Court grants Final Approval, (a) be excluded from the Settlement Class by Order of the Court; (b) not be a Settlement Class Member; (c) not be bound by the terms of the Settlement; and (d) have no right to receive Settlement benefits.

**<u>Objecting to the Settlement</u>**

15. A Settlement Class Member that complies with the requirements of this Preliminary Approval Order and the Agreement may object to the Settlement and/or Motion for Attorneys'

Fees, Costs, and Service Awards. Objections must be filed with the Court, and sent by U.S. Mail to Class Counsel, Defendant's Counsel, and the Settlement Administrator.

16. For an objection to be considered by the Court, the relevant Settlement Class Member must submit the objection no later than the Objection Deadline, as specified in the Notice, and the relevant Settlement Class Member must not have excluded him or herself from the Settlement Class. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

17. For an objection to be considered by the Court, it must also set forth the following:

a. the name of the proceedings;

b. the objector's full name, current mailing address, and telephone number;

c. a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection;

d. a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

e. the identity of any attorneys representing the objector;

f. a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing;

g. a list of all other matters in which the objecting Settlement Class Member and/or his/her attorney has lodged an objection to a class action settlement; and

h. the signature (or electronic equivalent) of the Settlement Class Member or the Settlement Class Member's attorney.

18. Class Counsel and/or Defendant's Counsel may conduct limited discovery on any objector or objector's counsel, including taking depositions and propounding document requests.

19. Any Settlement Class Member who fails to object to the Settlement in the manner described herein shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or of this Preliminary Approval Order by appeal or any other means.

**Claim Process and Distribution Plan**

20. The Settlement establishes a Claim process for assessing and determining the validity of Claims and a methodology for paying Settlement Class Members who submit Approved Claims. The Court preliminarily approves this process.

21. Settlement Class Members that qualify for and wish to submit a Claim shall do so in accordance with the requirements and procedures specified in the Settlement and Claim Form. If the Settlement is finally approved, any Settlement Class Member that qualifies for any Settlement benefit but fails to submit a Claim in accordance with the requirements and procedures specified in the Settlement and Claim Form shall be forever barred from receiving any such benefit. Such Settlement Class Member, however, will in all other respects be subject to and bound by the provisions of the Settlement, including the Releases, the Final Approval Order, and final judgment.

**Termination of the Settlement Agreement and Use of this Preliminary Approval Order**

22. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the parties, all of which shall be restored to their respective positions

existing immediately before this Court entered this Preliminary Approval Order, if the Settlement is not finally approved by the Court, the Settlement is terminated in accordance with its terms, or there is no Effective Date. In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Preliminary Approval Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

23. If the Settlement is not finally approved by the Court, the Settlement is terminated in accordance with its terms, or there is no Effective Date, then this Preliminary Approval Order shall be of no force or effect; shall not be construed or used as (a) an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability or (b) to support a claim for class certification; shall not be construed or used as an admission, concession, or declaration by or against any Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims he or she may have in this Action or in any other lawsuit.

**Stay of Proceedings**

24. Except as necessary to effectuate this Preliminary Approval Order, this Action and any Court deadlines set in this Action are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order, or until further order of this Court.

**Jurisdiction Pending Settlement Approval**

25. This Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof, in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

**Summary of Deadlines**

26. The Settlement as preliminarily approved shall be administered according to its terms pending the Final Approval Hearing. The Court hereby sets the following schedule of events:

| | |
|---|---|
| **Notice Deadline (Date Notice Program Begins)** | 30 days after Preliminary Approval Order is entered |
| **Motion for Final Approval and Application for Attorneys' Fees and Cost Award and Service Award Payments** | 30 days after Notice Deadline |
| **Opt-Out Deadline** | 60 days after Notice Deadline |
| **Objection Deadline** | 60 days after Notice Deadline |
| **Claims Deadline** | 90 days after Notice Deadline |
| **Final Approval Hearing** | **____________, 2025, at _____am/pm** |

**SO ORDERED THIS ______ DAY OF ___________________________, 2025.**

_______________________________________
Hon. Gregory B. Williams
United States District Court Judge